UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

STEUBEN FOODS, INC.,

               Plaintiff,

v.                                         **DECISION AND ORDER**
                                                      10-CV-780S

OYSTAR USA, INC., et al.

               Defendants.
───────────────────────────────

## I. INTRODUCTION

Plaintiff, Steuben Foods, Inc. ("Steuben), brings this patent infringement action against eight related defendants.[1] Two groups of defendants each presently move for dismissal. (Docket Nos. 24, 37.) The first group consists of Oystar Group, Oystar North America-Edison, Inc. ("Oystar N.A."), Oystar USA, Inc., Oystar Hamba, and Hamba Filltec. The second group is comprised of Hamba USA, Inc., Aseptic Innovation, Inc., and GTP Companies, Ltd. ("GTP").[2] For the following reasons, each of the motions to dismiss are denied.

## II. BACKGROUND

**A.    Facts**

Steuben alleges that Defendants violated six patents pertaining to the equipment and processes for the aseptic bottling and packaging of consumable food and drink products. Steuben contends that each of these defendants are potentially liable due to

---

[1]The precise nature of their relationship is disputed and relevant to this Decision and Order. It is discussed further below.

[2]This Court will hereafter refer to the first group collectively as the "Oystar Group Defendants" and the second group as the "GTP Defendants."

-1-

some association with Oystar Group. Steuben alleges that despite their separate identities, each company is owned by, controlled by, a subsidiary of, identical to, or doing business as Oystar Group, their alleged parent, which is headquartered in Stutensee, Germany. (Am. Compl., ¶¶ 44-79; Docket No. 23.)

Steuben asserts that Defendants conduct business in New York and have engaged in actual, induced, and contributory infringement. It further asserts that it sent written notice to Oystar USA, Inc. on November 18, 2008, notifying Defendants about the existence of its patents. (Id., ¶ 104.) Defendants allegedly never acknowledged receipt of that notice. (Id., ¶ 105)

## B. Procedural History

Steuben filed a complaint in this Court on September 29, 2010. (Docket No. 1.) With leave, on August 30, 2011, it later filed an amended complaint naming each of the present defendants. (Docket No. 23.) Shortly thereafter, on September 27, 2011, the Oystar Defendants moved for dismissal of the complaint. (Docket No. 24.) On December 2, 2011, the GTP Defendants followed suit. (Docket No. 37.) Briefing concluded on these motions on January 11, 2012, at which time this Court took the motions under consideration without a hearing on the issue of personal jurisdiction.

## III. DISCUSSION

### A. Oystar Defendants' Motion to Dismiss

The Oystar Defendants argue that this Court cannot exercise personal jurisdiction over them and that Steuben has failed to state a claim upon which relief can be granted. Each argument will be discussed below.

1.   **Personal Jurisdiction**[3]

A United States district court may exercise personal jurisdiction over a defendant if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A); Spiegel v. Schulmann, 604 F.3d 72, 76 (2d Cir.2010). Jurisdiction conferred by the state, however, is constrained by the Due Process Clause, which "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980); see also Goodyear Dunlop Tires Operations, S.A. v. Brown, --- U.S. ----, 131 S. Ct. 2846, 2851-52 180 L. Ed. 2d 796 (2011) ("A state court's assertion of jurisdiction exposes defendants to the State's coercive power, and is therefore subject to review for compatibility with the Fourteenth Amendment's Due Process Clause."). Thus, this Court can exercise jurisdiction over an out-of-state defendant provided that it is permitted by both New York State's statutes and the strictures of due process. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).[4]

Further, there are two types of personal jurisdiction: general and specific. Licci ex

---

[3]The parties both agree that Federal Circuit law applies to these motions. But they are mistaken as to statutory long-arm jurisdiction. The Federal Circuit has explicitly found that "in interpreting the meaning of state long-arm statutes, we elect to defer to the interpretations of the relevant state and federal courts." Graphic Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1386 (Fed. Cir. 1998). By contrast, regarding comportment with the Due Process Clause, they are correct. See id. ("With regard to the federal constitutional due process analysis of the defendant's contacts with the forum state in patent cases, we do not defer to the interpretations of other federal and state courts"); Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1410 (Fed. Cir. 2009) (explaining the distinction). The parties' confusion, however, has little bearing on this case, as they both predominantly cite New York and Second Circuit law in their respective discussions of New York's long-arm statute.

[4]Steuben does not argue that personal jurisdiction would be proper under Fed. R. Civ. P. 4(k)(2).

rel. Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 60 n.9 (2d Cir. 2012). "General jurisdiction is authorized where the defendant's 'affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum State.'" Id. (quoting Goodyear, 131 S. Ct. at 2851). Such jurisdiction in permitted in New York under N.Y. C.P.L.R. § 301. Id. "'Specific jurisdiction,' however, 'depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" Id. (quoting Goodyear, 131 S. Ct. at 2851). Jurisdiction of this type is permitted in New York under N.Y. C.P.L.R. § 302(a). Id.

At this stage of the proceedings, "[b]ecause the parties have not conducted discovery, the plaintiff need[] only to make a prima facie showing that the defendants [are] subject to personal jurisdiction." Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003) (internal quotation marks and citations omitted). "As such, the pleadings and affidavits are to be construed . . . in the light most favorable to the plaintiff." Id. The Second Circuit's standard is identical: A plaintiff may carry his burden by "pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2nd Cir. 2001) (internal citations, quotations marks, and modifications omitted). Particularly significant here, "[a] plaintiff can make this showing through his own affidavits and supporting materials, containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." Id. Where, as here, "the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." Id.

***

The parties do not dispute that N.Y. C.P.L.R. § 302(a), New York's long-arm statute, comports with due process. See Pieczenik v. Dyax Corp., 265 F.3d 1329, 1333 (Fed. Cir. 2001). Therefore, if New York would allow this Court to exercise jurisdiction over Defendants, the Oystar Defendants' motion regarding personal jurisdiction must be denied. In pertinent part, N.Y. C.P.L.R. § 302(a) reads:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
>
> 2. commits a tortious act within the state.

For a court to assert jurisdiction over a defendant under section 302(a)(1), the plaintiff must satisfy two requirements: the defendant must (1) "transact business" in New York and (2) the plaintiff's cause of action must arise from the business transaction. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007). "The second requirement, the so-called nexus test, is interpreted very narrowly by the New York courts. A single business transaction is sufficient to satisfy the nexus test under section 302(a)(1), but the cause of action must arise from the transaction of business in New York." Id. (internal quotation marks and citations omitted).

Considering the procedural posture of this case, this Court finds that Steuben has satisfied its burden.

Steuben offers an affidavit and submits documentation that Defendant Hamba Filltec offered to sell Steuben an allegedly infringing product – the Hamba Flexline Filler

– in 2005. (Taggart Aff., ¶ 13; "Ex. G" of Taggart Aff.; Docket Nos. 34-1, 34-8.) If credited, this alone would be sufficient to establish personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1) because it demonstrates that the Oystar Defendants have a financial interest in a New York company purchasing its product, and "that it has taken actions in New York with an eye toward promoting the sale of its [infringing product]". See Gleason Works v. Klingelnberg-Oerlikon Geartec Vertriebs-GmbH, 58 F. Supp. 2d 47, 51-52 (W.D.N.Y. 1999); see also Best Van Lines, 490 F.3d at 246. Furthermore, it would establish jurisdiction under § 302(a)(2). See Id. ("The offer for sale of one copy of an infringing work in New York, even if the offer results in no sale, 'constitutes commission of a tortious act within the state sufficient to imbue this Court with personal jurisdiction over the infringers . . . "); Houbigant, Inc. v. ACB Mercantile, Inc., 914 F. Supp. 964, 979-80 (S.D.N.Y. 1995) (collecting cases in the copyright context finding that a single offer of a copy of an infringing work for sale in New York, even absent an actual sale, satisfies N.Y. C.P.L.R. § 302).

Relying primarily on Ricoh Co., Ltd. v. Asustek Computer, Inc., 481 F. Supp. 2d 954, 959-60 (W.D. Wis. 2007), the Oystar Defendants argue that this offer of sale was solicited by Steuben and, as a result, it cannot use the offer as basis for jurisdiction.[5] Putting aside the lack of controlling legal authority, this Court must resolve doubts in Steuben's favor and look to its "averment of facts, which if credited, would suffice to establish jurisdiction." Whitaker, 261 F.3d at 208. Under this liberal standard, Steuben's averment that

---

[5]The Oystar Defendants reliance on M. Shanken Communications, Inc. v. Variant Events, LLC, No. 10 Civ. 4747 (CM), 2010 U.S. Dist. LEXIS 108923, at *15 (S.D.N.Y. Oct. 6, 2010) is misguided, if not misleading. The court there found simply that sending generic emails and flyers to New York companies did not amount to the conduct of business in New York. Acts like these are quite distinct from this case, where, via proposed written agreement, the Oystar Defendants directly offered to sell Steuben an allegedly infringing product.

Defendants' offered to sell it an infringing product satisfies its burden.

Further, Oystar N.A. does not contest jurisdiction, and Steuben alleges that the remaining companies are interchangeable. It supports this charge by noting that it has received communications from the Oystar Defendants with various letterheads, including "Oystar Hamba" (Taggart Aff., ¶ 29) and "Oystar USA" (Taggart Aff., ¶ 32), and as noted, Hamba Filltec, alleged to be intertwined with Oystar Group, offered to sell it a product. This confusion about the Oystar Defendants' corporate structure, which seems to have been generated in part by Defendants' division of company entities and which generally goes without clarification by them, coupled with Steuben's allegation that the companies are interchangeable, is sufficient at this point to allow discovery to proceed. See, e.g., Elecs. for Imaging, Inc., v. Coyle, 340 F.3d 1344, 1349 n. 2 (Fed. Cir. 2003) (discussing personal jurisdiction and finding that "[b]ecause [plaintiff] alleges that [defendant] does business [under a different name], all contacts made by [defendant] are also attributable to [the other corporate entity]"). No Oystar Defendants will be dismissed at this time, but leave is granted to bring a later motion challenging personal jurisdiction when more facts are before this Court.

### 2.  Failure to State a Claim

The Oystar Defendants also argue that they should be dismissed because they did not violate the patents in question. But federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Steuben has alleged that the Oystar Defendants have violated the patents by "manufacturing, making, using, selling, offering to sell, importing, and/or distributing products, including . . . aseptic filling machines . . . and the Flexline Filler. (Am. Compl. ¶ 101.) Whether the Oystar Defendants have or have not violated Steuben's patents is a factual determination, inappropriate on a Rule 12(b)(6) motion. It is thus denied.

**B.    GTP Defendants' Motion**

The GTP Defendants argue that (1) Hamba USA, Inc. and Aseptic Innovation, Inc. do not exist and therefore cannot be sued and (2) GTP did not violate the patents in question.

As initial matter, the argument concerning GTP can be summarily dismissed for the same reasons as discussed above. This Court declines any suggestion to convert the GTP Defendants' motion into one for summary judgment. See Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (when presented with additional material on a motion to dismiss, the district court can either exclude it or convert the motion).

Regarding Hamba USA, Inc. and Aseptic Innovation, Inc., it appears that both Steuben and Defendants agree that these entities serve as trade names for the legal entity, GTP. As such, Steuben will be permitted leave to amend its complaint to reflect this fact. Otherwise, those parties will be dismissed.

### IV. CONCLUSION

For the reasons discussed above, Defendants' motions are denied.

### V. ORDERS

IT HEREBY IS ORDERED, that the Oystar Defendants' Motion to Dismiss (Docket

No. 24) is DENIED.

FURTHER, that the GTP Defendants' Motion to Dismiss is (Docket No. 37) is DENIED.

FURTHER, that Plaintiff is GRANTED Leave to Amend its Complaint and submit a Second Amended Complaint. If it chooses to so file, it must do so by May 31, 2012. If not filed, this Court will dismiss Hamba USA, Inc. and Aseptic Innovation, Inc. at that time.

SO ORDERED.

Dated: May 18, 2012
Buffalo, New York

                                         /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                                    Chief Judge
                                         United States District Court