UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,

                 Plaintiff,

v.                                        **DECISION AND ORDER**
                                                    10-CV-780S

OYSTAR GROUP, OYSTAR NORTH AMERICAN-
EDISON, INC., OYSTAR HAMBA, OYSTAR USA
INC., HAMBA FILLTEC GMBH & CO.KG, GTP
COMPANIES, LTD., and KAN-PAK, LLC,

                 Defendants.
_____

## I.  INTRODUCTION

Plaintiff commenced this action in September 2010 seeking damages and injunctive relief for Defendants' alleged violation of six patents held by Plaintiff regarding equipment and processes for the aseptic bottling and packaging of food and drink products. Defendant Kan-Pak, LLC ("Kan-Pak") moves this Court to dismiss the complaint as against it pursuant to sections 12(b)(2), (3) and (6) of the Federal Rules of Civil Procedure. For the reasons that follow, Kan-Pak's motion is denied in its entirety.

## II. BACKGROUND

Plaintiff originally commenced this action against Defendant Oystar USA, Inc. in September 2010. (Compl., Docket No. 1.) Plaintiff filed amended complaints in August 2011, May 2012, and January 2013, adding as Defendants the Oystar Group, Oystar North America-Edison, Inc., Oystar Hamba, and Hamba Filltec GMBH & CO.KG to Defendant Oystar U.S.A. (collectively "the Oystar Defendants"), as well as Defendants GTP Companies, Ltd. ("GTP") and Kan-Pak LLC. (Am. Compl., Docket No. 23; Second Am.

1

Compl., Docket No. 48; Third Am. Compl., Docket No. 63.)  In the Third Amended Complaint, Plaintiff alleges that it is the exclusive owner of six valid and subsisting patents for processes and apparatuses related to aseptic bottling of aseptically sterilized foodstuffs. (Third Am. Compl. ¶¶ 75-93.)  Four causes of action are asserted: (1) the Oystar Defendants and GTP have infringed and are continuing to directly infringe one or more of Plaintiff's patents, and are also liable for contributory infringement and inducing infringement; (2) Kan-Pak has infringed and is directly infringing one or more of Plaintiff's patents; (3) Plaintiff is entitled to injunctive relief to prevent the further infringement by the Oystar Defendants and GTP; and (4) Plaintiff is entitled to injunctive relief to prevent the further infringement of Kan-Pak.

The Oystar Defendants previously moved for dismissal of the complaint as against them for lack of personal jurisdiction and failure to state a claim in September 2011, (Docket No. 24), and GTP followed suit with a similar motion in December of that year. (Docket No. 37.)  Both motions were denied in their entirety by order of this Court dated May 21, 2012. (Docket No. 47.) Presently before the Court is Defendant Kan-Pak's motion to dismiss or, alternatively, sever the claims asserted against it and transfer the matter to the District of Kansas.  (Docket No. 71.)

### III. DISCUSSION

**A.** **Motion to Dismiss**

Kan-Pak contends that the complaint must be dismissed as against it because: (1) the Court lacks personal jurisdiction over it; (2) Kansas is the only proper venue under both the general federal venue statute and the patent venue statute; and (3) Plaintiff failed to

2

allege sufficient facts in the Third Amended Complaint to state a claim against Kan-Pak. The Court has considered these arguments and finds each to be without merit.

  1. Personal Jurisdiction

Generally, "[w]hen deciding issues in a patent case, a district court applies the law of the circuit in which it sits to nonpatent issues and the law of the Federal Circuit to issues of substantive patent law." Paone v. Microsoft Corp., 881 F. Supp. 2d 386, 393-94 (E.D.N.Y. 2012); see Invitrogen Corp. v. Biocrest Mfg. L.P., 424 F.3d 1374, 1378-79 (Fed. Cir. 2005) (Federal Circuit law applies to "issues of substantive patent law and certain procedural issues pertaining to patent law"). With respect to personal jurisdiction:

> A United States district court may exercise personal jurisdiction over a defendant if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). The district court's exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and the requirements of due process.

Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785, 788-89 (Fed. Cir. 2011). The Federal Circuit will "defer to the interpretation of a state's long-arm statute given by that state's highest court, particularly whether or not the statute is intended to reach the limit of federal due process." Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403, 1409 (Fed Cir. 2009). Federal Circuit law, rather than regional circuit law, however, applies to issues of compliance with federal due process. Id. at 1409-10; see generally JetBlue Airways Corp. v. Helferich Patent Licensing, LLC, – F. Supp. 2d –, 2013 WL 713929, *4 (E.D.N.Y. Feb. 28, 2013) (test for personal jurisdiction in Federal Circuit mirrors the test employed by the Second Circuit).

Further, where, as here, the district court relies solely on the pleadings and

3

supporting affidavits, the burden on a plaintiff facing a motion to dismiss is to establish only a prima facie showing of personal jurisdiction. Touchcom, Inc., 574 F.3d at 1410; see Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994). In determining whether that burden has been met, all allegations in the complaint are accepted as true and all factual conflicts are resolved in the plaintiff's favor. Touchcom, Inc., 574 F.3d at 1410; Robinson, 21 F.3d at 507.

There are two types of personal jurisdiction that may be applied: "general or all-purpose jurisdiction, and specific or case-linked jurisdiction." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011); AFTG-TG, LLC v. Nuvoton Tech. Corp., 689 F.3d 1358, 1360 (Fed. Cir. 2012). A court may assert general jurisdiction over a foreign corporation to hear any claim against it where the corporation's affiliations with the state are "so continuous and systematic as to render them essentially at home in the forum [s]tate." Goodyear Dunlop Tires Operations, 131 S. Ct. 2846, 2851(internal quotation marks omitted). Specific jurisdiction exists where there is a link between the forum and the underlying controversy. Id. Here, Plaintiff contends that Kan-Pak consented to the general jurisdiction of New York courts under N.Y. CPLR § 301 by registering to do business in this state. (Pl's Mem of Law in Opp'n at 8-10, Docket No. 76; Decl. of Joseph L. Stanganelli, Esq. ¶ 2 Ex A (certification of Kan-Pak's 2008 New York State Registration, active as of March 7, 2013), Docket Nos. 76-2, 76-3; Third Am. Compl. ¶ 70.)

Under New York law, a foreign corporation must, as part of the application for authority to do business in the state, designate the New York Secretary of State "as its agent upon whom process against it may be served" and provide an address to which a

4

copy of any process shall be mailed. N.Y. Business Corporation Law § 1304(6); Rockefeller Univ. v. Ligand Pharmaceuticals Inc., 581 F. Supp. 2d 461, 465 (S.D.N.Y. 2008); see N.Y. Business Corporation Law § 304 (a), (b) (no foreign corporation may be authorized absent the designation of the secretary of state as its agent). After this, the "actions in which [the Secretary of State] is to represent the corporation are not limited." Rockefeller Univ., 581 F. Supp. 2d at 466 (quoting Bagdon v. Phil. & Reading Coal & Iron Co., 217 N.Y. 432, 436-37, 11 N.E. 1075 (N.Y. 1916) (Cardozo, J.)). Kan-Pak admits that it is registered to do business in New York, but argues that this "legal fiction[]" alone is insufficient to establish personal jurisdiction. (Kan-Pak Reply Mem of Law at 2-5, Docket No. 77.)

Contrary to Kan-Pak's argument, "[i]t is well-settled[1] under New York law that registration under [N.Y. Business Corporation Law] § 1304 subjects foreign companies to personal jurisdiction in New York." STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 131 (2d Cir. 2009); Hunter v. Deutsche Lufthansa AG, 863 F. Supp. 2d 190, 201 (E.D.N.Y. 2012); Rockefeller Univ., 581 F. Supp. 2d at 465-66; Doubet LLC v. Trustees of Columbia Univ. in City of N. Y., 99 A.D.3d 433, 434-35, 952 N.Y.S.2d 16, 18 (N.Y.A.D. 1st Dep't 2012); Augsbury Corp. v. Petrokey Corp., 97 A.D.2d 173, 175-76, 470 N.Y.S.2d 787, 789 (N.Y.A.D. 3d Dep't 1983).

Pursuant to N.Y. Civil Practice Law and Rules § 301, "[a] court may exercise

---

[1] A few earlier federal cases have held that "the mere existence of a certificate of authority to do business in New York is insufficient as a predicate of jurisdiction" absent further evidence that the defendant is in fact doing business in the state. Bellepointe, Inc. v. Kohl's Dep't Stores, Inc., 975 F. Supp. 562, 564 (S.D.N.Y. 1997) (citing Beja v. Jahangiri, 453 F.2d 959, 962 (2d Cir. 1972)). These cases, however, have since been criticized, see Rockefeller Univ., 581 F. Supp. 2d at 465-66 (collecting cases), and subsequently abandoned by those courts. STX Panocean (UK) Co., Ltd. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 131 (2d Cir. 2009); Rockefeller Univ., 581 F. Supp. 2d at 465-66.

> ... jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y. C.P.L.R. § 301. For more than sixty years, New York courts have determined that general jurisdiction may be asserted over a corporation solely on the basis that it has registered to do business in the forum.

Cannon v. Newmar Corp., 210 F. Supp. 2d 461, 463 n. 2 (S.D.N.Y. 2002); see Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 175, 60 S. Ct. 153, 84 L. Ed. 167 (1939) (citing Bagdon, 217 N.Y. at 436-37) (statute requiring designation is constitutional, and constitutes consent to general jurisdiction). Thus, "[t]he privilege of doing business in New York is accompanied by an automatic basis for personal jurisdiction." Augsbury Corp., 97 A.D.2d at 176. Further, because the designation of the Secretary of State is required by § 1304(6), the fact that Kan-Pak has not designated an optional *additional* registered agent pursuant to § 1304(7) is of no moment. Rockefeller Univ., 581 F. Supp. 2d at 465 (noting that the application "permits, but does not require" the designation of a registered agent); (see Kan-Pak's Reply Mem of Law at 4.)

Kan-Pak argues that the Second Circuit's decision in STX Panocean is inapplicable here because it addresses whether a defendant may be "found" in New York for the purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Kan-Pak's Reply Mem of Law at 4-5.) There, the Second Circuit determined that an order of attachment under Rule B was properly vacated because the district court had personal jurisdiction over the defendant itself, thereby negating the need for attachment. STX Panocean, 560 F.3d at 131-33 (noting that a defendant is "found" where he or she is amenable to suit). "[M]aritime attachment is aimed at obviating a plaintiff's need to determine where the defendant is amenable to suit." Id. at 132. As such, "no scouring of the globe – and, therefore, no attachment – is necessary where the

6

defendant has already voluntarily subjected itself to the district's jurisdiction by reason of its registration with the State." Id. (internal quotation marks and bracketing omitted). The holding in STX Panocean thus turned on a question of personal jurisdiction, and is clearly on point.

In addition to registration sufficing to establish general jurisdiction under New York law, this "voluntary use of certain state procedures . . . is in fact a form of constructive consent to personal jurisdiction which has been found to satisfy due process." Augsbury Corp., 97 A.D.2d at 175-76 (citing Ins. Corp. of Ireland, Ltd. v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 703-4, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982)). "Although the Supreme Court has not directly pronounced on the subject since 1945, the constitutionality of the traditional practice of asserting general jurisdiction solely on the basis of a corporation's being licensed to do business in the forum seems to have survived International Shoe." In re DES Cases, 789 F. Supp. 552, 591–92 (E.D.N.Y.1992) (citing Burnham v. Superior Court, 495 U.S. 604, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990)), *appeal dismissed*, 7 F.3d 20 (2d Cir. 1993); Cannon, 210 F. Supp. 2d at 463 n. 2; see generally Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Accordingly, "[i]n maintaining an active authorization to do business and not taking steps to surrender it as it has a right to do, [Kan-Pak] was on constructive notice that New York deems an authorization to do business as consent to jurisdiction." Rockefeller Univ., 581 F. Supp. 2d at 466. Moreover, the exercise of personal jurisdiction over Kan-Pak in this action need not be based merely on its registration to do business in New York. Kan-Pak admits that a small percentage of its sales are made in New York. (Aff. of Janelle Oxford ¶¶ 12, 15-17, Docket No. 71-2.) Kan-Pak also employs a sales representative who

lives in New York and "is responsible for a fractional amount of Kan-Pak's dealings with [a Texas corporation] in New York . . . [and] for the minuscule sales to Coffee Planet," a New York company. (Id. ¶¶ 12, 16, 18.) This employee also has a "very small ownership interest" in Kan-Pak. (Id. ¶ 18.)

Kan-Pak correctly asserts that each of these contacts has been found insufficient, without more, to establish general jurisdiction over a defendant. See Mavrix Photo, Inc. v. Brand Tech., Inc., 647 F.3d 1218, 1226 (9th Cir. 2011) (occasional sales to forum residents by a nonresident defendant or physical presence of a sales agent insufficient to establish general jurisdiction), *cert denied*, 132 S. Ct. 1101 (2012); Pappas v. Arfaras, 712 F. Supp. 307, 311 (E.D.N.Y. 1989) ("mere fact" that limited partners of defendants were New York citizens does not amount to purposeful activity within the state). In the instant case, however, Kan-Pak's contacts are not considered individually; rather, the issue is whether the totality of the circumstances is sufficient to establish that the exercise of personal jurisdiction over Kan-Pak comports with the requirements of federal due process. See Electronics For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1351 (Fed. Cir. 2003), *cert denied*, 540 U.S. 1111 (2004) (considering totality of contacts). Thus, even if registration alone were insufficient, when Kan-Pak's minimal contacts with New York are considered in connection with its registration to do business in the state, the requirements of due process are satisfied. See Beja v. Jahangiri, 453 F.2d 959, 962 (2d Cir. 1971) (although New York Court of Appeals had not yet made any express pronouncement, a license to transact business in the state was still "very strong evidence that the corporation is subject to *in personam* jurisdiction"). In light of this conclusion, the Court need not consider what effect, if any, the evidence of Kan-Pak's participation in the 2012 litigation in the Northern

District has on the issue of personal jurisdiction. (See Pl's Mem of Law in Opp'n at 14-16; Kan-Pak's Reply Mem of Law at 8-9; Pl's Sur-reply Mem of Law at 2-6, Docket No. 81.)

2. Improper Venue

Kan-Pak argues that dismissal is also required because venue is improper. (Kan-Pak's Mem of Law at 11-13.) Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The general venue statute, 28 U.S.C. § 1391(c)(2), supplements the patent venue statute by stating that, for "all venue purposes," a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1583 (Fed. Cir. 1990). Thus, "[v]enue in a patent action against a corporate defendant exists wherever there is personal jurisdiction." Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1280 (Fed. Cir. 2005); VE Holding Corp., 917 F.2d at 1583. Because the Court has already concluded that personal jurisdiction over Kan-Pak exists here, the motion to dismiss for improper venue is denied.

3. Failure to State a Claim

Generally, in considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), a court must accept all factual allegations in the complaint as true and make all reasonable inferences in a plaintiffs' favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); see In re Bill of Lading Transmission and Processing Sys. Patent Lit., 681 F.3d 1323, 1331 (Fed. Cir. 2012) (applicable law of regional circuit is

applied to motions to dismiss for failure to state a claim).  In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98.  This assumption of truth applies only to factual allegations and is inapplicable to legal conclusions.  Iqbal, 556 U.S. at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In patent infringement cases, it has been consistently held that a claim for direct patent infringement has been stated where a complaint contains:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

In re Bill of Lading, 681 F.3d at 1334; see Hall v. Bed Bath & Beyond, Inc., 705 F.3d 1357, 1362 (Fed. Cir. 2013); McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007).  These factors are found in the sample complaint for patent infringement actions, Form 18, of the Appendix of Forms to the Federal Rules of Civil Procedure, comportment with which renders the claim sufficient to withstand an attack under the Federal Rules. In Re Bill of Lading, 681 F.3d at 1334 (citing Fed. R. Civ. P. 84).  Further, because "any changes to the Federal Rules of Civil Procedure 'must be obtained by the process of amending the Federal Rules, and not by judicial interpretation,' " the Forms control to the extent, if any, they conflict with Twombly and its progeny. Id. (quoting Leatherman v.

Tarrant Cnty. Narcotics Intelligence & Coordingation Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)).

Here, Plaintiff's Third Amended Complaint complies with the Federal form with respect to Kan-Pak. It contains statements of personal and subject matter jurisdiction. (Third Am. Compl. ¶¶ 1, 12, 70-71.) Plaintiff identifies the six patents it alleges it owns that are the subject of the litigation. (Id. ¶¶ 75-76, 78-79, 81-82, 84-85, 87-88, 90-91, 93.) Kan-Pak is alleged to have infringed on one or more claims of those patents by "using an Infringing Machine to practice the patented methods" of Plaintiff's patents, thereby violating 35 U.S.C. § 271(a). (Id. ¶ 99); see § 271(a) (anyone who "uses . . . any patented invention" infringes the patent). Plaintiff asserts that it informed Kan-Pak by written notice of the existence of Plaintiff's patents and its intent to enforce the rights thereunder on December 14, 2012. (¶ 104.) Finally, the Third Amended Complaint contains a demand for damages and injunctive relief.

Kan-Pak does not dispute that Plaintiff's allegations contain the bare requirements of the Federal form checklist, or that the Federal Circuit held in In Re Bill of Lading that a plaintiff alleging claims of direct infringement is not required to "plead facts establishing that each element of an asserted claim is met" or "even identify which claims it asserts are being infringed." 681 F.3d at 1335; (Kan-Pak's Mem of Law at 15-17.) Kan-Pak instead contends that dismissal is required because Plaintiff failed to adhere to the heightened Twombly and Iqbal standards set forth above, and urges this Court to reject In Re Bill of Lading on the ground that the holding in this case conflicts with those Supreme Court rulings.

This Court finds it unnecessary to resolve the conflict regarding the applicable

11

standard in patent cases, if any does in fact remain following the Federal Circuit's post-Iqbal decision in In Re Bill of Lading. 681 F.3d at 1334. As asserted against Kan-Pak, the Third Amended Complaint meets the requirements of Iqbal/Twombly. Plaintiff alleges that it holds six patents that pertain to methods and apparatuses used in aseptic packaging, including interior sterilization, bottling, increased bottling rate, controlling the flow of an aseptic product, creation of sterilization zones in a sterilization tunnel, and a valve activation mechanism. (Third Am. Compl. ¶¶ 75, 77, 78, 80, 83, 86, 89, 92.) Moreover, copies of the patents themselves, which each detail the related claims, are attached and incorporated into the Third Amended Complaint by reference. (Id. ¶ 75, 78, 81, 84, 87, 90, Exs. A-F.) Further, Plaintiff specifically alleges that the patented apparatuses and processes were used in a "Flexline filler" that was sold to Kan-Pak for its Kansas facility and operated there in or about 2010, and that Plaintiff informed Kan-Pak of the related patents in December 2012. (Id. ¶¶ 94-96.) These facts, accepted as true, are sufficient to not only state a plausible claim that Kan-Pak used a patented invention without authority in violation of 35 U.S.C. § 271(a), but to alert Kan-Pak to the specific conduct that allegedly amounts to that violation: the use of the Flexline filler. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.

**B.    Motion to Sever and Transfer Venue**

Kan-Pak contends in that, as an alternative to dismissal, the claims against it should be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure and transferred to the District of Kansas pursuant to 28 U.S.C. § 1404(a). See Fed. R. Civ. P. 21; (Kan-Pak's Mem of Law at 17-22.) A court may, "on just terms," drop a party from an action or sever any claim against a party. Fed. R. Civ. P. 21. Further, "[f]or the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because § 1404 authorizes transfer "only of the entire action and not of individual claims," severance must be found appropriate before a transfer may be considered. Wyndham Assocs. v. Bintliff, 398 F.2d 614, 618 (2d Cir. 1968), *cert denied*, 393 U.S. 977 (1968); Ahmed v. T.J. Maxx Corp., 777 F. Supp. 2d 445, 450 (E.D.N.Y. 2011). In a multi-defendant case, such as this one, "the Court may sever and transfer a claim against one or more defendants where 'the administration of justice would be materially advanced' thereby." Hallwood Realty Partners, L.P. v. Gotham Partners, L.P., 104 F. Supp. 2d 279, 288 (S.D.N.Y. 2000) (quoting Wyndham Assocs., 398 F.2d at 618).

A district court has broad discretion in determining whether severance and transfer of a claim or claims against one or more defendants is appropriate. New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir.1988), *cert denied*, 488 U.S. 848 (1988); Kent v. Drought, No. 08-CV-414, 2010 WL 4320334, *8 (W.D.N.Y. Oct. 28, 2010). Factors to be considered in this determination include:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

Morris v. Northrop Grumman Corp., 37 F.Supp.2d 556, 580 (E.D.N.Y. 1999); see Alessi v. Monroe County, No. 07-CV-6163, 2008 WL 398509, *2 (W.D.N.Y. Feb. 12, 2008); see Hallwood Realty Partners, L.P., 104 F.Supp.2d at 288; German by German v. Fed. Home Loan Mortg. Corp., 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995). Further, severance is

unwarranted where transfer would effectively require that the suit be litigated in two places. Erausquin v. Notz, Stucki Management (Bermuda) Ltd., 806 F. Supp. 2d 712, 723 (S.D.N.Y. 2011); Gold v. Burton Corp., 949 F. Supp. 208, 210 (S.D.N.Y. 1996).

Here, duplicative litigation is exactly what would result if Kan-Pak's motion to sever and transfer is granted. Plaintiff's claims of patent infringement against all Defendants are primarily based on the sale of the Flexline filler to Kan-Pak, and Kan-Pak's utilization of the same in violation of Plaintiff's patents. (Third Am. Compl. ¶¶ 94-96.) A central issue to both Plaintiff's action against Kan-Pak and its action against the remaining Defendants is whether the Flexline filler contained processes or apparatuses subject to Plaintiff's patents, therefore both actions would require the same witnesses and the same documentary proof. Morris, 37 F. Supp. 2d at 580; Hallwood Realty Partners, L.P., 104 F.Supp.2d at 288; see Lewis v. Zon, 614 F. Supp. 2d 362, 363 (W.D.N.Y. 2009) (severance and transfer inappropriate where plaintiff's claims against each of the defendants shared common nexus of law and fact); cf. Gold, 949 F.Supp. at 210 (severance proper "[g]iven the tangential relationship [of severed defendant] to the core questions in dispute"). Litigation in a single forum will therefore promote judicial economy by preventing duplicative discovery and the relitigation of Plaintiff's claims. Lewis, 614 F. Supp. 2d at 363. The motion for severance and transfer is denied.

## IV. CONCLUSION

Kan-Pak's motion to dismiss is denied in its entirety. By registering to do business in New York state, this Defendant has consented to personal jurisdiction, the exercise of which comports with federal due process. Venue is therefore proper in this district. Further, Plaintiff's Third Amended Complaint contains sufficient allegations to state a claim

against Kan-Pak. Finally, the Court finds severance and transfer of the claims against Kan-Pak inappropriate, and the alternative motion is likewise denied.

## V.  ORDERS

IT HEREBY IS ORDERED that the Motion to Dismiss or, alternatively, Transfer (Docket No. 71) is DENIED in its entirety.

SO ORDERED.


Dated: May 14, 2012
         Buffalo, New York

       /s/William M. Skretny
      WILLIAM M. SKRETNY
           Chief Judge
    United States District Judge