UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEUBEN FOODS, INC.,

                                  Plaintiff,                      **DECISION AND ORDER**

v.

| | |
|---|---|
| OYSTAR GROUP, et al., | 10-CV-00780-EAW-JJM |
| SHIBUYA HOPPMAN CORPORATION, et al., | 10-CV-00781-EAW-JJM |
| GEA PROCESS ENGINEERING, INC., et al., | 12-CV-00904-EAW-JJM |
| JASPER PRODUCTS, LLC, | 13-CV-01118-EAW-JJM |
| NESTLÉ USA, INC., | 13-CV-00892-EAW-JJM |

                                 Defendants.
_____

This Decision and Order confirms my rulings from the bench on December 21, 2015 relative to: 1) the number and duration of depositions, and 2) designation of e-mail custodians. Familiarity with the relevant facts is presumed.

**1.    The Number and Duration of Depositions**

The parties have exchanged various proposals concerning limitations on the number and duration of depositions, none of which I find to be satisfactory. Since the parties are much more familiar than I with the issues in these cases, any limitation which I might impose at this stage of the cases would be arbitrary at best.

Without foreclosing my right to limit the number and/or duration of depositions at a later date, I will lift the limitations imposed by Fed. R. Civ. P. ("Rule") 30(a)(2)(A)(i) and (d)(1)[1] and impose no limits at this time, relying instead on the parties' obligation to cooperate by conducting only that discovery (including depositions) which is reasonably necessary for the prosecution and defense of Steuben's claims.

---

[1] Rule 26(b)(2)(A) authorizes the court to "alter the limits in these rules on the number of depositions . . . or on the length of depositions under Rule 30".

That obligation has been emphasized in the December 1, 2015 amendments to the Rules. As amended, Rule 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit" (emphasis added).

As amended, Rule 1 provides that the Rules "[s]hould be construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding" (emphasis added). "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way . . . . Effective advocacy is consistent with - and indeed depends upon - cooperative and proportional use of procedure." Rule 1 Advisory Committee Notes, 2015 Amendment.

The fact that I am not imposing limits at this time should not be interpreted to mean that "anything goes". I expect the parties to coordinate their efforts - for example, in scheduling depositions of witnesses common to the various cases, and in avoiding repetitive and cumulative questioning of a particular witness. Any concerns which may arise can be addressed more meaningfully in a specific context during the regularly scheduled monthly conferences (or at other times as necessary), rather than by imposing across-the-board limitations at the present time.

"A trial court has broad discretionary authority in managing the litigation before it, and the deterrence of intentional and unnecessary delay in the proceedings." Beatrice Foods Co. v. New England Printing & Lithographing Co., 899 F.2d 1171, 1177 (Fed. Cir. 1990). Therefore, any abuses of the procedure which I am implementing can be addressed accordingly, whether under Rule 11 (*see* In re Flinn, 139 F.R.D. 698, 698 (S.D. Fla. 1991) aff'd, 22 F.3d 1097 (11th Cir. 1994), awarding Rule 11 sanctions "for filing a notice of deposition in bad faith and for improper purpose"), 28 U.S.C. §1927 ("[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"), or pursuant to the court's inherent authority. *See* Ajamian v. Nimeh, 2014 WL 6078425, *3 (N.D.N.Y. 2014) (recognizing the court's "inherent authority to control and manage its own docket so as to prevent abuse in its proceedings"); Enmon v. Prospect Capital Corp., 675 F.3d 138, 144 (2d Cir. 2012) ("[i]n practice, the only meaningful difference between an award made under §1927 and one made pursuant to the court's inherent power is that awards under §1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both").

**2.      Designation of E-Mail Custodians**

The parties have offered competing proposals in this regard. Plaintiff ("Steuben") proposes that all defendants in these five actions collectively limit their e-mail productions requests to a total of 10 Steuben custodians, and that Steuben limit its production requests to a total of five custodians per each defendant. Defendants' counterproposal is that each defendant

"Corporate Affiliate Group"[2] shall limit its e-mail production requests to a total of five Steuben custodians, and that Steuben limit its e-mail production requests to a total of five custodians per Corporate Affiliate Group.

In an attempt to equitably balance the parties' relative rights and burdens, I will direct that Steuben may submit e-mail production requests to up to five custodians for each individual defendant, and that each defendant "Corporate Affiliate Group" may submit e-mail production requests to up to 10 Steuben custodians.

Dated:  December 21, 2015

      /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[2] The defendant Corporate Affiliate Groups are:  1) Hamba Filltec GmbH & Co. KG, Inc., Oystar Group, Oystar Hamba, Oystar North America-Edison, Inc., and Oystar USA, Inc.; 2) Kan-Pak, LLC; 3) Shibuya Hoppman Corporation and Shibuya Kogyo Co., Ltd.; 4) HP Hood, LLC; 5) GEA Process Engineering, Inc. and GEA Procomac S.p.A.; 6) Nestlé USA, Inc., 7) Jasper Products, LLC; 8) Aseptic Innovation, Inc., GTP Companies, Ltd., and Hamba USA, Inc.