UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEUBEN FOODS, INC.,

                  Plaintiff,

v.

OYSTAR GROUP, *et al.*

                  Defendants

**DECISION AND ORDER**

10-CV-00780-EAW-JJM

---

Before the court is Steuben's motion to resume discovery [343],[1] which is opposed by the Oystar defendants and Kan-Pak LLC. Having reviewed the parties' submissions [343, 345, 346, 347], for the following reasons the motion is denied, without prejudice to renewal at a later date.

**DISCUSSION**

Familiarity with the relevant facts is presumed. Steuben seeks to resume discovery only in this action - it "does not seek relief in any of the related cases". Steuben's Memorandum of Law [343-1], p. 1. While admitting that some "issues and . . . interests of Defendants in this case overlap with those of defendants in the related cases" (id.), Steuben suggests that "there are issues in this case that do not depend on what happens in the other cases" (id., p. 5), and argues that there is no reason for "further delay of discovery unique to this case". Steuben's Combined Reply [347], p. 2.

---

[1] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

However, other than suggesting that "discovery with respect to infringement and damages will be unique to this case" (Steuben's Memorandum of Law [343-1], p. 5), Steuben does not indicate precisely what that "unique" discovery might be. For example, "[t]he first step of the infringement analysis is claim construction", <u>Nazomi Communications, Inc. v. Nokia Corp.</u>, 739 F.3d 1339, 1343 (Fed. Cir. 2014), and Steuben has repeatedly emphasized the importance of consistency in that regard. *See* January 10, 2014 conference [105], p. 29 ("if we're going to try to manage these cases efficiently and get consistent results, we think that we should . . . all be on a similar schedule, come together for claim construction, so that we get a consistent claim construction across the cases"); September 19, 2018 conference [316], p. 86 ("as we pushed for all along, we think the right approach is to complete claim construction and figure out where the chips fall with all the defendants").

While Steuben argues that "*some* claim construction issues are not material to all cases" (<u>id.</u>, p. 2, emphasis added), it has yet to ask me to construe those claims (if any) which are unique to this case. That might be a starting point.

**CONCLUSION**

For these reasons, Steuben's motion to resume discovery [343] is denied, without prejudice to renewal. Following District Judge Elizabeth Wolford's ruling on the parties' objections to my October 1, 2018 Report and Recommendation [320], I will schedule a conference to discuss further proceedings in this and the related Steuben cases.

Dated: August 21, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge