UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEUBEN FOODS, INC.,

        *Plaintiff*,

v.

        1:10-cv-00780-EAW-JJM
        1:13-cv-01118-EAW-JJM

**OYSTAR GROUP, ET AL.,**

        *Defendants*.

## NOTICE OF CONCURRENT PROCEEDING

Magistrate Judge McCarthy is currently considering the construction of three claim terms addressed at a June 16, 2020, *Markman* hearing. At the end of a January 29, 2020, hearing, Magistrate Judge McCarthy stated with reference to the related case transferred to and pending under Civil Action No. 19-2181-CFC-CJB in the United States District Court for the District of Delaware (the "Delaware Action"): "If that court construes anything that's relevant to up here, please let me know, okay?" 10-cv-780, Dkt. 365 at 65:5-6.

Consistent with that request, and further to instructions from Magistrate Judge McCarthy to the parties on August 27, 2020, Plaintiff Steuben Foods, Inc. respectfully submits this paper to address the relevance of Delaware District Judge Connolly's claim construction rulings[1] issued

---

[1] During the hearing, Judge Connolly ruled on the construction of various claim terms as reflected in the transcript of the hearing. The parties memorialized those rulings in a Proposed Order, which the parties jointly submitted to Judge Connolly on August 27, 2020. The transcript and Proposed Order are submitted herewith as Exhibits 1 and 2. The Joint Claim Construction Brief submitted by the parties in the Delaware Action is submitted as Exhibit 3.

1

during an August 20, 2020, *Markman* hearing in the Delaware Action for the three claim terms being considered by Magistrate Judge McCarthy.[2]

### A.   "feedback control system for maintaining aseptic bottling conditions"

A presumption applies in Steuben's favor that this claim term is not a "means-plus-function" claim term because it does not include the phrase "means for." *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015) (en banc). It is Defendants' burden to rebut that presumption. *Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 15-cv-03853-EMC, 2015 WL 7753293, at *4 (N.D. Cal. Dec. 2, 2015). The arguments and evidence presented by the defendants in the Delaware Action and the defendants here, on very similar claim terms being construed, is the same. That is, rather than file their own briefing and evidence in an attempt to carry their burden to rebut the presumption, Defendants Oystar and Kan-Pak (the "Oystar Defendants") adopted the Shibuya's arguments and evidence (previously submitted to this Court prior to the transfer) on this claim term.[3] Shibuya then repeated those arguments in the Delaware Action. *Compare* 10-cv-781 (W.D.N.Y.), Dkt. 318 at 36-41, *with* Ex. 3 at 68-71, 73-74.

Presented with those arguments and that evidence, Judge Connolly found that the very similar claim term "control system for controlling aseptic bottling conditions" was not a "means-plus-function" term governed by 35 U.S.C. § 112, ¶ 6. Ex. 1 at 84:1-4. While Steuben acknowledges that Judge Connolly's ruling is not binding on this Court, because Judge Connolly

---

[2] Steuben intends to file a separate notice to address the relevance of Judge Connolly's rulings to the issues being considered by Judge Wolford in connection with Steuben's Objections to the March 16, 2020, Report and Recommendation.

[3] Defendant Jasper declined to offer a construction of the term. 10-cv-780, Dkt. 220 at 13. Perhaps for that reason Jasper did not address this claim term at the June 16, 2020, hearing or thereafter in its June 26, 2020, letter brief. Jasper has requested the opportunity to respond to this paper, but Steuben respectfully submits that Jasper should not be permitted to address this claim term where it has never addressed it before.

considered the same arguments and evidence relied on by the Oystar Defendants and found that such arguments and evidence were insufficient to rebut the presumption, Steuben respectfully submits that Judge Connolly's ruling is of heightened relevance.

For example, despite the difference in the wording of the terms, both Shibuya and Steuben relied on declaration evidence submitted in this Court directed to "feedback control system" in presenting their arguments about the "control system" term construed in the Delaware Action. *Compare* 10-cv-781 (W.D.N.Y.), Dkt. 359, *with* 19-cv-1218 (D. Del.), Dkt. 527-1 at 86-96. As another example, the Oystar Defendants cite (Dkt. 387 at 9) to *Verint Systems Inc. v. Red Box Recorders, Ltd.*, 166 F. Supp. 3d 364, 381 (S.D.N.Y. 2016). Shibuya cited to that same decision in its briefing to Judge Connolly. Ex. 3 at 68-69. Steuben's counsel addressed the argument that a "control system" is a "nonce word" under *Verint* during the August 20, 2020, *Markman* hearing in the Delaware Action. Ex. 1 at 82:22-83:2. Steuben's counsel also addressed the *Greenberg* case cited by the Oystar Defendants in their June 26, 2020, letter. *Id*. at 82:12-17.

"Where multiple patents derive from the same parent application and share many common terms, we must interpret the claims consistently across all asserted patents." *SightSound Techs., LLC v. Apple Inc.*, 809 F.3d 1307, 1316 (Fed. Cir. 2015) (internal quotation omitted). This is true as between claim terms that share similar language even if they are not identical. *Dayco Prods., Inc. v. Total Containment, Inc.*, 258 F.3d 1317, 1326 (Fed. Cir. 2001) ("Since the structure and wording of the '752 and '822 patent claims is similar to the structure and wording of the '050 and '023 patent claims, we see no reason to construe the claims of the former two patents more narrowly than those of the latter two patents."). To be sure, there is no material difference between the specification of the '188 and '013 patents (it is the same in relevant respect) or the structure of the claim language that should result in a finding that the same arguments and evidence, which did

not rebut the presumption as to "control system," nonetheless rebut the presumption as to "feedback control system."

In fact, the slight difference in claim language weighs in Steuben's favor. The term "feedback control system" is narrower than the term "control system" at issue in the Delaware Action and recites a more specific structure—a fact recognized by Shibuya counsel in the Delaware Action. Ex. 1 at 78:5-7 (asserting that "feedback control system" "is something much narrower than a generic control system"). Because the term at issue in this case recites more structure, it should follow *a fortiori*, that the Oystar Defendants' reliance on Shibuya's arguments and evidence does not rebut the presumption in this case. The narrower term "feedback control system" is even less subject to an argument that the presumption has been rebutted than the term "control system."

The Oystar Defendants ask Magistrate Judge McCarthy to recommend a construction to Judge Wolford that will be inconsistent with a claim construction reached in the Delaware Action on the exact same evidence and arguments and in a situation where the term at issue in this case is even more clearly not subject to construction as a "means-plus-function" term under § 112, ¶ 6. Steuben respectfully submits that Judge Connolly's ruling in the Delaware Action is a further indication that Defendants in this action have not carried their burden to rebut the presumption on the same evidence and argument. Defendants attempt to turn this term into a "means plus function" term to support the indefiniteness position they adopted from Shibuya fails. To the contrary, the term "feedback control system for maintaining aseptic bottling conditions" needs no construction.

### B.    "aseptically disinfecting the bottles . . . wherein the disinfecting the bottles is with hot hydrogen peroxide spray"

In the Delaware Action, Judge Connolly declined to construe the word "hot" as it appeared in the following limitations of the '985 patent: "hot sterile air" and "hot sterile drying air." Ex. 1 at 114:2-11. Judge Connolly recognized Shibuya's indefiniteness argument and found that it could

4

be raised later in the case. *Id*. While Steuben believes that Shibuya failed to demonstrate the word "hot" was indefinite, Steuben sees the logic in deferring indefiniteness until a later stage of the case, as Magistrate Judge McCarthy has done in the past in this Court. Steuben respectfully submits that the Court could take the same course of action as Judge Connolly with respect to the "hot hydrogen peroxide spray" term by finding that it needs no construction and allowing the Defendants here to raise indefiniteness later to the extent such an argument was preserved in their invalidity contentions.

### C. "aseptically disinfecting the bottles . . . wherein a residual level of hydrogen peroxide is less than 0.5 PPM"

Defendants here argue that this claim term, which recites the well-known FDA requirement concerning residual hydrogen peroxide, is indefinite. Such an argument makes little sense because those in the art of aseptic packaging know the requirement well and know how to comply with it. In the Delaware Action, Shibuya argued that "aseptic" was indefinite because those skilled in the art purportedly would not know how to determine whether they had met the "FDA level of aseptic." Ex. 3 at 8-11.

While Judge Connolly declined to rule on the argument at the claim construction stage, he did preliminarily note that "when you think about it, the FDA is doing its job and people are, manufacturers are complying with the FDA level of aseptic, and they seem to be able to do it. So the idea that you would come in and tell me that, hey, this is indefinite because we don't know what that means, that seems to be dubious." Ex. 1 at 24:1-21. Steuben respectfully submits that the preliminary view expressed by Judge Connolly is instructive. The notion that those skilled in the art do not understand the scope of claim 20 with reasonable certainty when it recites compliance with an FDA regulation is dubious. Defendants did not and cannot carry their burden on this claim term.

| | |
|---|---|
| **DATED:** August 31, 2020 | Respectfully submitted,<br><br>BARCLAY DAMON LLP<br><br>*/s/ Joseph L. Stanganelli*<br>Joseph L. Stanganelli<br>160 Federal Street<br>Suite 1001<br>Boston, MA  02110<br>Telephone:  (617) 274-2900<br>jstanganelli@barclaydamon.com<br><br>2000 Five Star Bank Plaza<br>100 Chestnut Street<br>Rochester, New York 14604<br>Telephone:  (585) 295-4000<br><br>GARDELLA GRACE P.A.<br><br>W. Cook Alciati<br>80 M Street SE, 1st Floor<br>Washington, DC  20003<br>Telephone:  (703) 721-8379<br>calciati@gardellagrace.com<br>*Attorneys for Plaintiff Steuben Foods, Inc.* |